IRA J. BOGERT, PLAINTIFF IN ERROR, v. C. EUGENE MAC-CHESNEY, DEFENDANT IN ERROR.

Argued March 12. 1909—Decided June 14, 1909.

Where a cause is tried by the court, without a jury. by the consent of parties, its findings on questions of fact and on blended law and facts cannot be reviewed on error.

On error to the Supreme Court, whose decision was based upon the grounds set forth in the following memorandum:

PER CURIAM.

This action was brought by the plaintiff to recover a commission on the purchase price of certain real estate sold by him, as agent for the defendant, to the Metropolitan Real Estate Improvement Company. The case was tried before Mr. Justice Minturn, without a jury, by consent of both parties. The contention of the plaintiff was that he was entitled to a commission of four per cent. on the sum of $14,500, under an agreement to that effect made between himself and the defendant. The court found, on the facts submitted, that he was entitled to a commission of two and a half per cent. upon the sum of $10,000, and awarded him damages in the sum of $250. To this finding the plaintiff excepted, and that exception is the basis of the present writ of error.

It is entirely settled in this state that where a cause is tried by the court without a jury, by the consent of parties, the court is substituted in the place of a jury, and its findings on questions of facts cannot be reviewed by writ of error. *Columbia Delaware Bridge Co.* v. *Geisse*, 9 *Vroom* 39; *S. C. on error, Id.* 580. So, too, where the trial is had under such conditions, the finding of the court on the blended law and facts cannot be reviewed on error. *Mills* v. *Mott*, 30 *Id.* 15. The finding of facts of a judge trying an issue without a jury is as unassailable as the verdict of a jury would be. The weight and sufficiency of the evidence to support the finding cannot be considered on writ of error. It is only in those cases in which the finding of fact by the judge is without support from the proofs in the case that such finding will be reversed on error. *Weger* v. *Delran*, 32 *Id.* 224; *Brewster* v. *Banta*, 37 *Id.* 367.

There being some evidence in the present case to support the finding of fact by the trial judge, the judgment under review must be affirmed.

For the plaintiff in error, *George P. Rust.*

For the defendant in error, *Wayne Dumont* and *Clifford L. Newman.*

PER CURIAM.

The judgment under review herein will be affirmed, for the reasons expressed in the above memorandum.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, VOORHEES, BOGERT, VREDEN-BURGH, VROOM, GRAY, DILL, J.J. 12.

*For reversal*—None.